IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN HENRY MONEY, JR., | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. H-04-4110 |
| | § | |
| DOUGLAS DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

Petitioner, John Henry Money seeks habeas corpus relief under 28 U.S.C. § 2241. Money is confined at the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), serving a 60-year sentence for a conviction for aggravated assault with a deadly weapon. Money does not attack the validity of his underlying conviction or sentence. Rather, he challenges a prison disciplinary hearing. The threshold issue is whether to dismiss this case for failure to state a claim for violation of a federally-protected right.

**I.     Background**

In Disciplinary Case Number 20040271369, Money was charged with the use or possession of narcotics, marijuana, or unauthorized drugs, including prescription drugs. He received notice of the charge on May 25, 2004 and a hearing was held the following day.

The disciplinary hearing officer found Money guilty. The punishment consisted of loss of commissary privileges for 15 days; 30 days of cell restriction; an inability to move beyond the good time earning class status of Line 3; and a loss of 180 days of good-time credit. Money unsuccessfully filed a grievance. In this suit, Money alleges that he was denied due process in the disciplinary hearing because there was insufficient evidence to support a finding of guilt and his institutional records were falsified as part of a conspiracy to deprive him of his due process rights.

**II.     The Applicable Legal Standards**

In *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974), the Supreme Court held that the standards governing disciplinary proceedings depended on the sanction imposed and the consequences. *Walker v. Navarro County Jail,* 4 F.3d 410, 412 (5th Cir. 1993). A prisoner punished by solitary confinement and loss of good-time credits is entitled to: (1) written notice of the charges against him at least twenty-four hours before the hearing; (2) a written statement of the fact finders as to the evidence relied on and the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. When the punishment has no effect on the length of the sentence, and an inmate is entitled to some notice, an opportunity to present his view either in person or by written statement, and an informal nonadversarial review. *Hewitt v. Helms*, 459 U.S. 460 (1983).

## III.     Analysis

To the extent that Money asserts a claim of a denial of due process based on the loss of commissary and recreation privileges, the law bars his claims. In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that while a State may, under certain circumstances, create liberty interests applicable to prisoners protected by the Due Process Clause, such interests are generally limited to state-created regulations or statutes that affect the quantity, rather than the quality, of time served by a prisoner. The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse effect on a prisoner, but only those that "impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. A prisoner's loss of good-time credits as a result of punishment for a disciplinary conviction, increasing the sentence beyond the time that would otherwise have resulted from state laws providing mandatory sentence reductions for good behavior, must be accompanied by certain procedural safeguards in order to satisfy due process. *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997). The Supreme Court held in *Sandin* that a prisoner who was placed in disciplinary segregation for thirty days, but received no discipline that inevitably affected the duration of his sentence, was not entitled to such due process protections.

The loss of commissary privileges and cell restrictions did not change the length of Money's sentence and are not an "atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life" that could give rise to a due process claim. *Sandin,* 515 U.S. at 484, 486 n.9, *Madison,* 104 F.3d at 767-68. Money may complain that the order to remain at good-time earning class status Line 3 would delay his release from custody, creating a due process violation. A diminished ability to earn good time credits, without more, does not rise to a deprivation of a constitutionally-protected liberty interest. *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied*, 517 U.S. 1196 (1996)("the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protection of the due process clause"). The possibility that an inmate's good-time earning status will affect the timing of his release is too speculative to amount to a constitutionally protected right to a particular time-earning status. *Id*.

Money's loss of good-time credit did not give rise to a due process claim because he is not eligible for release to mandatory supervision. Under applicable Texas law, a conviction for aggravated assault with a deadly weapon makes an inmate ineligible for release to mandatory supervision. Tex. Pen. Code Ann. § 22.02 (1998); Tex. Gov't Code Ann. § 508.149(a)(6). As a result, the loss of good-time credit did not affect Money's ability to be released on mandatory supervision and did not implicate federal due process rights. *See Madison*, 104 F.3d at 768).

**IV.    Conclusion**

4

Money's federal petition does not present a claim for habeas relief. This case is dismissed and any remaining motions are denied as moot. No Certificate of Appealability will issue because Money cannot make a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues deserve encouragement to proceed further. *See Finley v. Johnson,* 243 F.3d 2150, 218 (5th Cir. 2001). When a district court has rejected a prisoner's constitutional claims on the merits, the applicant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack,* 529 U.S. 484. This court will not issue a COA because Money has not made the necessary showing.

SIGNED on November 9, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge